UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEONIE T. MARTIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:21-cv-00589-JPH-DML |
| | ) |
| WENDY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Keonie Martin was punished through the Indiana Department of Correction's Disciplinary Code for assault of a staff member. In this petition for writ of habeas corpus, he raises various challenges to his punishment. But there is some evidence in the record to support the finding of guilt, and Mr. Martin alleges no other violation of due process, so the petition for writ of habeas corpus is **DENIED**.

## I. Overview

Prisoners in state custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some

1

evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974).

## II.     Mr. Martin's Disciplinary Proceeding

According to a conduct report, Mr. Martin approached Officer L. Savage at a desk in a common area of Mr. Martin's housing unit. Dkt. 7-1. The two squabbled about why Mr. Martin had missed a scheduled line movement. *Id.* Officer Savage directed Mr. Martin to his cell, and Mr. Martin complied, but he also continued to yell obscenities at Officer Savage. *Id.* Officer Savage called for assistance and directed Mr. Martin to submit to handcuffs, but Mr. Martin refused. *Id.* Officer Savage then "escorted [Mr.] Martin against the bunk bed." *Id.* At this point, Mr. Martin turned and spit in Officer Savage's eyes. *Id.* Officer Savage finished handcuffing Mr. Martin and then escorted him from the cell. *Id.*

Sergeant R. Schildmeier reviewed the available video of the interaction. Officer Schildmeier summarized the video as follows:

> "[A]t 11:14:20am Officer Savage and Offender Martin #220532 are at the range desk talking and Offender Martin does not have his mask on. At 11:14:58am Offender Martin walks away from the desk headed towards his cell. At 11:15:04am Officer Savage starts to follow him. At 11:15:18am Offender Martin enters his cell. At 11:15:26am Officer Savage radios for staff assistance. At 11:15:30am Officer Savage is standing at the cell door. At 11:16:47am Staff arrives and Officer Savage enter the cell. At 11:17:55am The extra staff leaves the cell door to secure the range. At 11:20:09 Offender Martin is escorted out of the cell in restraints by staff. Due to the camera angle I was unable to [see] what took place in the cell.

Dkt. 7-9.

2

At his hearing, Mr. Martin denied spitting on Officer Savage, and he presented statements from staff members who were outside the cell and did not see him spit on Officer Savage. *See* dkt. 7-6 (disciplinary hearing report); dkt. 7-7 ("I ofc. Campbell did not witness offender Martin spit on ofc. Savage. I don't know approx. what time the restraints were put on offender Martin."); dkt. 7-8 ("I did not witness offender [Martin], Keonie spit in ofc. Savage's face. I was not present when ofc. Savage put the restraints on offender [Martin], Keonie.").

The disciplinary hearing officer found as follows: "Video clearly shows offender being disrespectful in action. But cannot see what happened in cell. Staff was not present the whole time at cell. It is more likely than not that the offender did this." Dkt. 7-6. The hearing officer sanctioned Mr. Martin with six months of disciplinary restrictive housing, loss of 180 days of earned credit time—of which only 36 days were available—and a demotion in credit earning class. *Id.*

### III.   Discussion of Claims

Mr. Martin claims that (1) the evidence supports his version of events, not Officer Savage's; (2) Officer Savage violated Indiana Department of Correction policy by entering his cell alone; and (3) the hearing officer "lied about what was on the video." Dkt. 1 at 3−5. The Court addresses each claim in turn.

#### A.   Weight of the Evidence

Mr. Martin makes two assertions about the evidence against him. First, he argues that there is no physical evidence that he spit on Officer Savage. But due process does not require physical evidence; it requires only "some evidence" to

3

support the finding of guilt. *Hill*, 472 U.S. at 454. This standard "requires only a modicum of evidence demonstrating that a decision to revoke good-time credits is not arbitrary." *Burkett v. Sevier*, 819 F. App'x 434, 436 (7th Cir. 2020). A conduct report alone is enough. *Isby-Israel v. Finnan*, 347 F. App'x 253, 254 (7th Cir. 2009); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The conduct report here clearly states that Mr. Martin spit in Officer Savage's direction, hitting him in the eyes. That is some evidence to support the finding of guilt.

Mr. Martin fares no better by pointing to statements from officers who did not see Mr. Martin spit at Officer Savage. It is not the Court's job "to assess the comparative weight of the evidence underlying the disciplinary board's decision." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000); *see Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018) (after finding some evidence to support the finding of guilt, a court may not "look to see if other record evidence supports a contrary finding").

### B.   Violation of Prison Policy

Mr. Martin alleges, and the video evidence confirms, that Officer Savage entered Mr. Martin's cell without another staff member. *See* dkt. 7-9 (report of video evidence review). Mr. Martin says this is a violation of Indiana Department of Correction policy. Prison policies are "primarily designed to guide correctional officials in the administration of a prison" and not "to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481–82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas

relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."). Mr. Martin is therefore not entitled to relief on this claim.

    **C.    False Video Summary**

Finally, Mr. Martin asserts that the disciplinary hearing officer "lied about what was on video." Dkt. 1 at 5. Specifically, he claims,

> The video clearly should have shown the officer cuffing me up at the door and pushing me back inside but he claim he step inside my cell I refuse and turn around and spit on him which another C.O. was present and the dhb officer lied and said she walk away but the camera will show different and the DHb officer wrote she was at the door for a couple minutes before walking off he said it happens soon he step in my cell so how could the c.o. miss the wrongdoing.

Dkt. 1 at 5.

Mr. Martin mostly asserts that the hearing officer failed to report certain events from the video ("[t]he video clearly should have shown the officer cuffing me up at the door and pushing me back inside") and drew the wrong conclusions from other events ("the DHb officer wrote she was at the door for a couple

5

minutes before walking off he said it happens soon he step in my cell so how could the c.o. miss the wrongdoing").

The Court has reviewed the video and finds it consistent with the hearing officer's statements. The video is also consistent with Officer Savage's version of events and the video summary report. Notably, the video does not show Officer Savage applying handcuffs to Mr. Martin at the door of his cell. The video also shows the eyewitness officer mostly monitoring inmates in the common area outside the cell, not watching the events inside it. When the officer first arrives, she stands directly behind Officer Savage and appears to interact with Mr. Martin. Video, 11:16:44–11:17:05. But then she turns to monitor the common area, only rarely glancing back inside the cell. *Id.* at 11:17:05–11:17–45. At one point, she appears to tell the inmates in the common area to disperse. *Id.* at 11:17:15–11:17:24. After they start to do so, she focuses more on the cell; by this time, neither Officer Savage nor Mr. Martin is visible on video. *Id.* at 11:17:45–54. The officer then walks away, leaving Officer Savage and Mr. Martin alone in the cell for nearly a minute. *Id.* at 11:17:55–11:18:41. She then returns with two other officers. *Id.* at 11:18:41–45. A little over a minute later, after the common area has been cleared, the officers escort a handcuffed Mr. Martin from the cell and through the common area. *Id.* at 11:20:03–11:20–38.

In short, the video evidence does not negate the conduct report, which provides some evidence of Mr. Martin's guilt.

### IV. Conclusion

The petition for writ of habeas corpus is **DENIED**. This action is **dismissed with prejudice**. Final judgment shall now enter.

**SO ORDERED.**

Date: 2/7/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEONIE T. MARTIN
220532
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov

Abigail T. Rom
INDIANA ATTORNEY GENERAL
abby.rom@atg.in.gov